**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FERNANDO POLI DE FRIAS**<br>333 NE 24th St.<br>Apt. 1802<br>Miami, FL 33137<br><br>*Plaintiff*,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF HOMELAND SECURITY**<br>2707 Martin Luther King Jr. Ave. SE<br>Mail Stop 0655, Washington, DC 20528<br><br>**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES**<br>5900 Capital Gateway Dr.<br>Camp Springs, MD 20746<br><br>*Defendants*. | CIVIL ACTION NO.<br><br>**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT** |

**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT**

Plaintiff by his undersigned counsel alleges as follows:

## INTRODUCTION

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief, seeking the immediate processing and release of agency records requested by Plaintiff Fernando Poli de Frias from Defendants U.S. Department of Homeland Security ("DHS") and the United States Citizenship and Immigration Services ("USCIS").

2. Plaintiff through his attorney, Brian C. Schmitt, supported by G-28 and privacy waivers, submitted a highly targeted FOIA request on June 2, 2026. The request sought five specific categories of internal records, audit trails, and adjudicator notes associated with a pending immigration case before the USCIS California Service Center.

3. Because the Plaintiff faces a strict, non-extendable 87-day deadline to respond to a Request for Evidence ("RFE")–without which his persecution claim will be wrongfully denied, resulting in the deprivation of substantial due process rights–Plaintiff formally requested expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 6 C.F.R. § 5.5(e)(1)(iii).

4. Defendants failed to make a determination on Plaintiff's request for expedited processing within the statutory 10-calendar-day period. Consequently, Plaintiff has constructively exhausted administrative remedies and seeks an immediate order from this Court compelling Defendants to expedite the processing of the request and produce the responsive records.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action and personal jurisdiction over the Defendants pursuant to FOIA, 5 U.S.C. §§ 552(a)(4)(B) and 28 U.S.C. § 1331.

6. Venue is proper in this district under FOIA, 5 U.S.C. § 552(a)(4)(B), which expressly provides venue for FOIA actions in the District Court for the District of Columbia.

## PARTIES

7. Plaintiff Fernando Poli de Frias (Alien Number 231470117) is a citizen of Venezuela and currently resides in Miami, FL.

8. Defendant United States Department of Homeland Security ("DHS") is a federal executive department and is an "agency" within the meaning of 5 U.S.C. § 552(f)(1).

9. Defendant United States Citizenship and Immigration Services ("USCIS") is a component agency of DHS and is the agency component with possession, custody, and control of the records sought by Plaintiff.

**STATEMENT OF FACTS**

10. Plaintiff has a pending immigration waiver application (Receipt Number SRC2508950111) currently before the USCIS California Service Center.

11. On June 1, 2026, USCIS issued a RFE on this pending application, imposing a strict, 87-day deadline for a legal response.

12. Failure to adequately respond to the RFE by the deadline will result in the denial of Mr. Poli de Frias' persecution claim, jeopardizing his life, safety, and substantial due process rights.

13. On June 2, 2026, Plaintiff through his attorney, Brian C. Schmitt, supported by G-28 and privacy waivers, submitted a FOIA request via the USCIS FIRST Secure Portal. The request sought five highly targeted categories of operational and administrative records generated between January 2, 2025 and May 29, 2026 specifically relating to the adjudication of an I-612 waiver application with Receipt Number SRC2508950111.

14. Plaintiff reasonably described the records sought, which include digital audit trails, internal working notes, internal communications, policy directives regarding Venezuelan country conditions, and adjudicator action forensics. Plaintiff complied with all applicable agency FOIA regulations under 6 C.F.R. Part 5.

15. Without the requested records, including the internal working notes and communications regarding Plaintiff's case and the policy directives on "improved country conditions" in Venezuela, Plaintiff cannot legally or factually respond to the RFE. Thus, without the records, Plaintiff is being denied a meaningful opportunity to be heard on his underlying persecution claim and is likely to suffer irreparable harm.

16. In the June 2, 2026 submission, Plaintiff explicitly invoked the statutory right to expedited processing under 6 C.F.R. § 5.5(e)(1)(iii), providing a certified statement demonstrating that the lack of expedited treatment would result in the loss of substantial due process rights due to the impending RFE deadline.

17. Plaintiff also explicitly directed USCIS not to route the targeted request through the National Records Center ("NRC") for a full A-File queue, because the records were localized to the California Service Center.

18. On June 9, 2026 USCIS issued an acknowledgment letter (Control Number: NRC2026228126) generated by the NRC.

19. In the June 9, 2026 letter, Defendants entirely ignored Plaintiff's certified request for expedited processing. Defendants failed to grant or deny the expedite request.

20. Instead, Defendants placed Plaintiff's request on a "complex track" and invoked a ten-business-day extension to the response for "unusual circumstances" under 5 U.S.C. § 552(a)(6)(B). DHS and USCIS did not include in their communication a date on which their determination on the FOIA request would be made, as required by 5 U.S.C. § 552(a)(6)(B).

//

//

21. Pursuant to 5 U.S.C. § 552(a)(6)(E)(ii)(I) and 6 C.F.R § 5.5(e)(4), an agency is required to notify a party who requests expedited processing of its decision to grant or deny expedited processing within 10 calendar days.

22. The 10-calendar-day deadline for a notification about expedited processing was on June 12, 2026. As of the filing of this Complaint, Defendants have failed to issue a determination on the request for expedited processing.

## CAUSES OF ACTION

### I. Violation of FOIA, 5 U.S.C. § 552 for Failure to Grant Expedited Processing

23. Plaintiff realleges and incorporates by reference paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff properly requested expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 6 C.F.R. § 5.5(e)(1)(iii), establishing an exceptional need and urgency due to an imminent loss of substantial due process rights.

25. Defendants failed to grant or deny the request for expedited processing within the 10-calendar-day statutory deadline, in violation of 5 U.S.C. § 552(a)(6)(E)(ii)(I).

26. Because of Defendants' failure to comply with the statutory time limits, Plaintiff has constructively exhausted his administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

27. Plaintiff is entitled to an order declaring Defendants violated FOIA and compelling Defendants to process the request on an expedited basis immediately.

//

//

//

**II. Violation of FOIA, 5 U.S.C. § 552 for Failure to Conduct an Adequate Search and Produce Records**

28. Plaintiff realleges and incorporates by reference paragraphs 1 through 27 as if fully set forth herein.

29. Defendants are wrongfully withholding the requested records from Plaintiff.

30. Defendants' failure to promptly make available the records sought by Plaintiff violates FOIA, 5 U.S.C. § 552(a)(3)(A).

31. Plaintiff is entitled to an order enjoining Defendants from further withholding the requested records and compelling their immediate production.

**<u>REQUEST FOR RELIEF</u>**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Assume jurisdiction in this matter and maintain jurisdiction until Defendants comply with FOIA and every order of this Court;

B. Declare that Defendants' failure to make a determination on Plaintiff's request for expedited processing with the statutory framework violates FOIA;

C. Order Defendants to process Plaintiff's FOIA request on an expedited basis;

D. Order Defendants to immediately conduct a targeted search at the California Service Center for the requested records and produce to Plaintiff all non-exempt records responsive to the request without further delay;

E. Enjoin Defendants from continuing to withhold any responsive, non-exempt records;

F. Award Plaintiff reasonable litigation costs, and such attorneys' fees as are permitted by law, pursuant to 5 U.S.C. § 552(a)(4)(E); and

G. Grant such other and further relief as the Court deems just and proper.

Dated: June 28, 2026

/s/ Brian C. Schmitt
Brian C. Schmitt
Bar ID: MD0023
Hake & Schmitt
2 Locust Ln. Ste. 203
Westminster, MD 21157-5075
Tel: (410) 635-3337
Fax: (410) 635-3308